# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* R.D.

**No. 20-0088** (Mercer County 19-JA-34-WS)

## MEMORANDUM DECISION

Petitioner Father J.D., by counsel Wyclif S. Farquharson, appeals the Circuit Court of Mercer County's January 16, 2020, order terminating his parental rights to R.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Thomas M. Janutolo Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of imposing a less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner in March of 2019 due to allegations of drug abuse. Specifically, the DHHR received reports that petitioner was a "known heavy substance abuser[]" and was "aggressive when . . . under the influence of drugs." Law enforcement officers and Child Protective Services ("CPS") workers proceeded to petitioner's home and observed various pills and drug paraphernalia, as well as a syringe loaded with an unknown substance. The DHHR concluded that there was imminent danger to the child's well-being due to petitioner's substance abuse.

The circuit court held an adjudicatory hearing in July of 2019. The DHHR presented the testimony of a CPS worker who stated that petitioner admitted to abusing methamphetamine and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Suboxone intravenously and tested positive for illegal substances, including amphetamine, cocaine, marijuana, and methamphetamine. A second CPS worker testified, confirming the contraband found in petitioner's residence by law enforcement officers. Based on the testimony presented, the circuit court adjudicated petitioner as an abusing parent, finding that he abused substances and that it affected his ability to parent the child. The circuit court granted petitioner's motion for a post-adjudicatory improvement period.

At a review hearing in October of 2019, the DHHR disclosed that petitioner had been arrested and incarcerated, and the circuit court set the matter for disposition. Testimony presented during the dispositional hearing in January of 2020 demonstrated that petitioner failed to successfully complete his improvement period, was incarcerated due to drug possession, failed to remain in contact with the DHHR when he was not incarcerated, did not complete parenting and adult life skills classes, and failed to provide financial support to or visit with the child. At the close of evidence, the circuit court found that petitioner did not cooperate in the creation of a family case plan, which would have minimally included drug treatment. The circuit court noted that petitioner was "still involved in drug abuse conduct" and "committed crimes that [led] to incarceration which indicates his lack of true desire to obtain drug treatment." The evidence indicated that the earliest petitioner could be paroled from incarceration was fifteen months after the child had been removed from his care. By order entered on January 16, 2020, the circuit court determined that the child needed a stable home and that it was unlikely petitioner could complete services due to his incarceration and conduct. Accordingly, the circuit court terminated petitioner's parental rights upon finding that returning the child to petitioner's care was contrary to the child's best interests and need for stability because of petitioner's drug abuse and incarceration. Petitioner appeals the January 16, 2020, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother's parental rights were also terminated below. The permanency plan for the child is adoption by the great-grandmother.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive alternative, such as terminating only his custodial rights. According to petitioner, the child was placed with a family member and terminating only petitioner's custodial rights would have provided him the incentive to continue improving his life upon his release from incarceration. Additionally, petitioner contends that he fully participated in parenting and adult life skills classes prior to his incarceration and "never indicated, in any way, that he was unwilling to receive and cooperate with services." While petitioner concedes that he did not visit the child, he claims that it was due to feelings of guilt regarding his drug addiction and his desire that the child not see him while he was under the influence of drugs. Upon our review, we find no error in the circuit court's termination of petitioner's parental rights.

West Virginia Code § 49-4-604(b)(6) (2019)[3] provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code §§ 49-4-604(c)(2) and (3) (2019) provide that situations in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" include when the abusing parent has "willfully refused or [is] presently unwilling to cooperate in the development of a reasonable family case plan" or has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts."

Here, petitioner failed to follow through with a family case plan or other rehabilitative efforts. Petitioner failed to complete parenting and adult life skills classes or remain in contact with the DHHR. Further, petitioner was incarcerated upon charges of drug possession and remained incarcerated at the time of the dispositional hearing. Indeed, by his own admission on appeal, petitioner continued to abuse drugs throughout the proceedings and failed to visit the child due to his drug abuse. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996)(citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Accordingly, there was sufficient evidence to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare. While petitioner contends that the circuit court should have terminated only his custodial rights, he ignores that West Virginia Code § 49-4-604(b)(6) (2019) provides that the circuit court may "terminate the *parental, custodial and guardianship rights* and responsibilities of the abusing parent" upon finding that there is no reasonable likelihood that the abusing parent can correct the conditions of abuse or neglect in the near future and when necessary for the child's welfare. (Emphasis added). Moreover, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 16, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison